108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re CHATEAUGAY CORPORATION; REOMAR, INC.; and the LTV
Corporation, et al., Debtors.
LTV AEROSPACE AND DEFENSE COMPANY; Vought Industries, Inc.;
Vought International Inc., Plaintiffs-Appellees,
v.
THOMSON-CSF, S.A. and VT Missile Company,
Defendants-Counterclaim-Plaintiffs-Appellants,
v.
The LTV CORPORATION, LTV Aerospace and Defense Company,
Vought Industries, Inc. and Vought International,
Inc., Counterclaim-Defendants-Appellees.
 No. 96-5110.
 United States Court of Appeals, Second Circuit.
 March 25, 1997.
 
 Appearing for Appellants: George J. Wade, Shearman & Sterling, New York, New York.
 Appearing for Appellees: Myron Kirschbaum, Kaye, Scholer, Fierman, Hays & Handler, New York, New York.
 Present FEINBERG, CARDAMONE and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Thomson-CSF, S.A. and VT Missile Company ("Thomson") appeal from Judge Keenan's order affirming two decisions of the Bankruptcy Court that ordered appellants to pay $20 million in damages and dismissed appellants' counterclaims. We affirm for substantially the reasons stated by Judge Keenan in his opinion, In Re Chateaugay, 198 B.R. 848 (S.D.N.Y.1996), except for the discussion of Thomson's claim that the Frost Amendment provided it with a valid reason to terminate the contract. We reach the same result as Judge Keenan--rejecting Thomson's Frost Amendment argument--but agree with the analysis of the Frost Amendment's impact on this litigation as set forth by the Bankruptcy Court in In Re Chateaugay, 155 B.R. 636, 653-56 (Bankr.S.D.N.Y.1993).